

780 NORTH WATER STREET
MILWAUKEE, WISCONSIN 53202-3590
TEL·414.273.3500 FAX·414.273.5198
WWW·GKLAW.COM

aoettinger@gklaw.com

October 2, 2013

**VIA ECF**

Hon. Charles N. Clevert
United States District Court
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, WI 53202

    RE:    *Joan Boyd v. Forest County Potawatomi Community*
               Civil Action No. 2:13-MC-00052 (E.D. Wis.)

               *Federico Colon v. Forest County Potawatomi Community d/b/a Potawatomi Bingo Casino*; Civil Action No. 2:13-MC-00053 (E.D. Wis.)

Dear Judge Clevert:

        On behalf of the Forest County Potawatomi Community (the "Tribe") I write in response to the U.S. Equal Employment Opportunity Commission's ("EEOC") October 1, 2013 correspondence to the Court. While the merit of the EEOC's arguments will be addressed though briefing and argument, I write to correct certain factual inaccuracies contained in Mr. McBride's correspondence.

        Specifically, Mr. McBride seems to suggest the EEOC just became aware of the pending motions to quash. It is misleading to suggest that the EEOC only recently became aware of the pending motions. In addition to the litany of prior correspondence between counsel for the Tribe and the EEOC detailed in our submission [*E.g.*, Dkt. 3-1 at pages 14-51], by correspondence dated August 13, 2013, I transmitted authority relating to the underlying basis of the motions to the EEOC seeking a response and discussion on the merits of the Tribe's resistance to the subpoena. Hearing no response, the Tribe filed its motions to quash the subpoenas on August 23, 2013, and I transmitted those motions directly to the EEOC on that same date. On September 4, 2013 I spoke via telephone with EEOC Investigator Andrew Daley in which he acknowledged receipt of the motions to quash and the prior correspondence. Mr. Daley stated to me that the matter was being evaluated by the Director but he was otherwise unwilling to provide a response, timeline for response, or position on behalf of the EEOC. On September 24, 2013 I had a second conversation with Mr. Daley in which he requested that I provide additional copies of the pending motions. I provided the copies via email on September 24, 2013. On September 30, 2013 Mr. McBride spoke with my colleague, Mr. Gaytán and again requested copies of the previously-filed motions, which Mr. Gaytán again provided.

OFFICES IN MILWAUKEE, MADISON, WAUKESHA, GREEN BAY AND APPLETON, WISCONSIN AND WASHINGTON, D.C.
GODFREY & KAHN, S.C. IS A MEMBER OF TERRALEX®, A WORLDWIDE NETWORK OF INDEPENDENT LAW FIRMS.

Thus, while the EEOC and the Tribe may have differing opinions as to the appliable law and effect thereof, there can be no dispute as to the EEOC's knowledge of the Tribe's motion to quash its subpoenas, notice, the history of correspondence, or the continuous attempts made on behalf of the Tribe to engage the EEOC.

Finally, the Tribe does not oppose the EEOC's request for a continuance pending the restoration of appropriations for Federal Government operations.

Respectfully,

GODFREY & KAHN, S.C.

*s/ Andrew S. Oettinger*

Andrew S. Oettinger


ASO:rmh
cc: Dennis R. McBride (Via ECF)
10196133.1